IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01560-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.245.106.243,

    Defendant.

## ORDER ON MOTION TO QUASH

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant's Motion to Quash Subpoena [filed August 6, 2013; docket #13]. Pursuant to D.C. Colo. LCivR 7.1C, the Court resolves the motion without briefing. For the following reasons, the motion is **denied**.

**I.**    **Background**

    Plaintiff initiated this action on June 14, 2013, against the above-identified John Doe. Plaintiff alleges that Defendant, identified only by his/her Internet Protocol ("IP") address, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected film. In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Defendant's Internet Service Provider ("ISP") prior to the Rule 26(f) conference. (Docket #7.) The Court determined that Plaintiff had shown good cause for limited expedited discovery, and granted Plaintiff's motion in part. (Docket #10.) In particular, the Court authorized Plaintiff to serve a third party subpoena pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of

ascertaining the John Does' identity as listed in docket #7-4. The Court directed that the subpoena be limited to providing Plaintiff with the true name, address, telephone number, email address, and Media Access Control address of the Defendant to whom the ISP has assigned an IP address. With the subpoena, the Court directed Plaintiff also to serve a copy of its order. Finally, the Court emphasized that Plaintiff was only permitted to use the information disclosed in response to the subpoena for the purpose of protecting and enforcing its rights as set forth in its Complaint. The Court cautioned Plaintiff that improper use of this information would result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP, Comcast, on June 25, 2013. (Status Report, docket #11 at 29.) Defendant received a letter from the ISP and, thereafter, filed the present motion. Motion, docket #13 at 1. Defendant argues the subpoena served on the ISP should be quashed because joinder of "92 individual defendants" is improper. *Id.* at 2.

## II. Discussion

First, the Court notes the procedural deficiencies of the present motion, including Defendant's failure to attach a copy of the challenged subpoena[1] and failure to properly seek permission from the Court to proceed anonymously.[2] *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may

---

[1] The Plaintiff alleges that Defendant's ISP is "Comcast Cable" and Defendant's physical location is "Pueblo, Colorado." *See* dockets ##1-1, 1-2 and 1-3. Therefore, for purposes of this motion, the Court will assume the Plaintiff served the subpoena upon Comcast in Colorado from this district.

[2] Although Defendant requests permission to file the motion "without revealing [his] personally identifying information," such unsupported request fails to comply with D.C. Colo. LCivR 7.1C ("a motion ... shall be supported by a recitation of legal authority incorporated into the motion") and the law cited herein.

overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). The Court is authorized to deny the present motion without prejudice based upon these failures.[3]

However, the Court finds that, in the interest of judicial efficiency, it may proceed to the merits of the present motion here. Fed. R. Civ. P. 45(c)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. No other grounds are listed.

In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("[a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). Other courts in the Tenth Circuit have held that a party only has standing to challenge a subpoena served on a third party on the basis of privilege, personal interest, or proprietary interest. *Howard v. Segway, Inc.*, No. 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)). Objections unrelated to a claim of privilege or privacy

---

[3]The Court notes that nothing in this order prevents the Defendant from filing a motion to proceed anonymously in this case.

interest are not proper bases upon which a party may quash a subpoena. *Windsor*, 175 F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D.C. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege). For example, even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden. *Howard*, 2012 WL 2923230, at *2 ; *see also Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.").

The ISP, the recipient of the subpoena, has not objected to its terms. Defendant mentions nothing about whether he/she has standing to quash based on claims of privilege or privacy; however, the Court will assume that, because Defendant seeks to block Plaintiff's ability to learn Defendant's identifying information, Defendant here claims a personal and/or proprietary interest in his/her identifying information. Thus, the Court may consider Defendant's motion to quash, but must limit its analysis to whether the subpoena served on the ISP requires disclosure of privileged or other protected matter, if no exception or waiver applies. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii).

This Court agrees with those courts finding that internet subscribers do not have an expectation of privacy in the identifying information they conveyed to their ISPs. *See AF Holdings, LLC v. Does 1–162*, No. 11-23036-Civ, 2012 WL 488217, at *4 (S.D. Fla. Feb.14, 2012); *First Time Videos, LLC v. Does 1–18*, No. 4:11-cv-69-SEB-WGH, 2011 WL 4079177, at *1 (S.D. Ind. Sept.13, 2011). As for privilege, the burden rests squarely on the moving party to demonstrate that privilege exists and that the subpoena would disclose such information. *Malibu Media, LLC*, 2012 WL

3089383 at *5.

In this case, Defendant's motion does not address whether the information sought is privileged or otherwise protected. Instead, Defendant asks the Court to quash the subpoena based upon an alleged misjoinder of defendants. In this case, however, the Plaintiff has joined no other defendants. This case is brought solely against this Doe Defendant. Therefore, Defendant's entire argument is moot.

Furthermore, the plain language of Rule 45 does not authorize the Court to quash a subpoena based upon misjoinder. Rule 45 provides four circumstances under which the Court must quash a subpoena, and the Court will not create a fifth. While the Court acknowledges the Defendant has concerns about the disclosure of his/her identifying information to the Plaintiff, the Court is ultimately bound by Rule 45 and must only quash a subpoena on the bases cited therein.

## III.   Conclusion

For the reasons stated above, the Court finds that Defendant has not met his/her burden of showing that the subpoena served on the ISP must be quashed. Therefore, Defendant's Motion to Quash Subpoena [filed August 6, 2013; docket #13] is **denied**.

Entered and dated at Denver, Colorado, this 7th day of August, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge