# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-01560-WYD-MEH

MALIBU MEDIA, LLC,

 Plaintiff,

v.

JASON LOWRY,

 Defendant.

_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

### I. INTRODUCTION

This Court should deny Defendant's Motion to Dismiss because Plaintiff's well pled complaint is "plausible" under Supreme Court precedent. Indeed, in every case where Plaintiff has been challenged with a 12(b)(6) motion, the court has found Plaintiff stated a plausible claim. "Accepting all factual allegations in the Amended Complaints as true, *Iqbal,* 556 at 678, the Court concludes Plaintiff has stated a claim upon which relief can be granted under the Copyright Act." *Malibu Media, LLC v. John Doe 1*, CIV.A. 12-2078, 2013 WL 30648 (E.D. Pa. Jan. 3, 2013). "These averments state a plausible claim of direct infringement under the Copyright Act." *Id*. "Having carefully reviewed the allegations in the Complaint and the applicable authorities, the Court will deny the Motion because the Complaint adequately states a claim for copyright infringement." *Malibu Media, LLC v. Pelizzo*, 12-22768-CIV, 2012 WL 6680387 (S.D. Fla. Dec. 21, 2012).

> [L]ooking only at the Complaint--which is all the Court can review on a Rule 12(b)(6) motion--there is more than enough facts pleaded to state a claim of copyright infringement. Plaintiff may not ultimately succeed, but the place to test that is on a Rule 56 motion, or at trial, if necessary. This is the same result the

1

Court reached on the same motion with the same attorneys in the same kind of copyright infringement action. See *Malibu Media v. Roy*, Case No. 12-cv-617 (W.D. Mich.)

*Malibu Media v. Pratt*, 1:12-cv-00621-RJJ (W.D. Mich. March 19, 2013).

Plaintiff's allegations are "plausible" under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) that Defendant committed infringement because Plaintiff describes in detail in its Complaint the BitTorrent process and that Defendant used BitTorrent to infringe Plaintiff's movie. This is supported by Plaintiff's investigator, who has filed a proper declaration attesting that Defendant sent him a piece of Plaintiff's movie through the BitTorrent protocol. In light of the foregoing, as explained more fully herein, the Court should deny Defendant's motion to dismiss.

## II.     ARGUMENT

### 1. Legal Standard for a 12(b)(6) Motion to Dismiss

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court "should determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a) . . . ." *McDonald v. Kinder–Morgan, Inc.,* 287 F.3d 992, 997 (10th Cir.2002). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Ruiz v. McDonnell,* 299 F .3d 1173, 1181 (10th Cir.2002), *cert. denied,* 123 S.Ct. 1908 (2003). Further, the Court should review the complaint to determine whether it "contains enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is

insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (Emphasis in original).

### 2. Plaintiff Pled Defendant Used the BitTorrent Protocol to Directly Infringe Plaintiff's Copyrights

"To establish copyright infringement, [Plaintiff] must prove '(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original.'" *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002) (*citing TransWestern Publ'g Co., v. Multimedia Mktg. Assocs.*, 133 F.3d 773, 775 (10th Cir.1998)). Plaintiff pled a prima facie case of infringement. "Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the 'Copyrights-in-Suit.')" *Complaint* at ¶ 3. Plaintiff's Exhibit B contains the registration numbers of each of Plaintiff's copyrights alleged in the Complaint.

Plaintiff's Complaint properly alleges Defendant infringed its movies by stating: "[b]y using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit." *Id.* at ¶ 30. And, Plaintiff's Complaint describes in detail how Plaintiff determined Defendant's IP addressed infringed its movies. "Plaintiff's investigator, IPP Limited, established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A." *Id.* at ¶ 17. "IPP Limited downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes on Exhibit A." *Id.* at ¶ 18. "Each of the cryptographic file hashes as set forth on Exhibit A correlates to copyrighted movies owned by Plaintiff as identified on Exhibit B." *Id.* at ¶ 19. "IPP Limited downloaded from Defendant one of more bits of each file hash listed in Exhibit A. IPP Limited further downloaded a full copy of each file hash from the BitTorrent file distribution network and confirmed through independent calculation that the file hash matched what is listed on Exhibit A. IPP Limited then verified that the digital media file correlating to each file hash

listed on Exhibit A contained a copy of a movie which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash on Exhibit A. At no time did IPP Limited upload Plaintiff's copyrighted content to any other BitTorrent user." *Id*. at 20. "As the subscriber in control of the IP address being used to distribute Plaintiff's copyrighted movies, Defendant is the most likely infringer." *Id.* at ¶ 24.

3. **The Second Circuit Had Held Peer to Peer Copyright Infringement Survives a Motion to Dismiss**

Although the Tenth Circuit has not had a chance to rule on this issue, in *Arista Records, LLC v. Doe* 3, 604 F.3d 110 (2d Cir. 2010) Arista alleged that multiple unidentified doe defendants were liable for copyright infringement by using a peer-to-peer file sharing protocol. Arista alleged that each doe defendant, identified only by an IP address, was an infringer. Doe 3 filed a motion to quash the subpoena served on his Internet Service Provider ("ISP") and dismiss the claims against him as vague and conclusory. Despite the doe defendants only being identified by IP address, the Second Circuit affirmed the district Court's denial of Doe 3's motion stating "[g]iven the factual detail in the Complaint and its Exhibit, plaintiffs' pleading plainly states copyright infringement claims that are *plausible*." *Id.* at 122 (emphasis added).

4. **Plaintiff's Allegations That Defendant is the Infringer Are Plausible and it is Highly Likely That Defendant is the Infringer**

Plaintiff does not need to establish with certainty that Defendant is the infringer but instead only needs to show that it is plausible. Here, it is highly likely that Defendant is the infringer because Defendant's ISP identified Defendant as the owner of the IP address that was used for almost four months to infringe Plaintiff's movies. The infringement of Plaintiff's movies occurred through Defendant's IP address from January 23, 2013 until April 18, 2013. Here, the infringer was not a random passerby or guest, it was someone that had consistent access to Defendant's Internet for almost four months. And, Defendant is the most likely

4

infringer because Defendant is the owner of the Internet service. Further, Plaintiff's Exhibit C demonstrates that Defendant's Internet was used to download an enormous amount of other content through BitTorrent.

Defendant relies heavily on *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 (E.D.N.Y. May 1, 2012), a case out of the Eastern District of New York where Judge Brown severed cases by Plaintiff and others in similar suits and called into question whether an IP address could accurately identify an infringer. Defendant, however, fails to note that in that very same case, a similar motion to dismiss was denied on the basis that the plaintiff's claim for relief was plausible. *See Patrick Collins, Inc. v. John Doe 1*, 2013 WL 2177787 (E.D.N.Y. May 18, 2013). "In the Court's view, the Plaintiff has adequately pled a plausible claim of copyright infringement by providing sufficient detail as to the acts the John Doe Defendant took in infringing the copyright." *Id.* The Court further addressed that identifying the subscriber of an IP address is sufficient to survive a motion to dismiss and stated:

> [T]he difficulty that the Plaintiff will ultimately have in proving that the individual John Doe Defendant was the one who actually utilized the IP address to commit the accused copyright infringement is not relevant in the context of a motion to dismiss. Instead, <u>at this time, the Plaintiff merely has to state a plausible claim.</u> Thus, while it is a reasonable possibility that the Defendant here did not commit any copyright infringement because another individual did so using his IP address, such as a different family member, visitor, neighbor, or passerby, it is an equally reasonable possibility that the Defendant committed the accused of act.

*Patrick Collins, Inc. v. John Doe 1*, 12-CV-1154 ADS GRB, 2013 WL 2177787 (E.D.N.Y. May 18, 2013). And, as stated above, this case is fundamentally different from the cases in *In Re BitTorrent* because Plaintiff has alleged Defendant infringed, not one, but 25 of its movies over a long period of time.

### 5. Defendant Impermissibly Asks This Court to Reject Plaintiff's Well-Pled Allegations in the Complaint

Defendant impermissibly asks the Court to find the Plaintiff's allegations are false. Black letter law prohibits this. In deciding a Rule 12(b)(6) motion, the Court "must accept as true the plaintiff's well-pleaded factual allegations and all reasonable inferences must be indulged in favor of the plaintiff." *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). Accepted as true, Plaintiff stated claims that are plausible. Plaintiff's complaint satisfies all of the requirements for a prima facie case of infringement.

### 6. **Plaintiff's Declaration by Tobias Feiser Is Proper**

Defendant's argument that the Court should dismiss Plaintiff's Complaint because of Plaintiff's Declaration of Tobias Fieser lacks merit. First, Defendant quotes the wrong language from Mr. Fieser's declaration. Defendant claims Mr. Fieser states "[a]n IP address is a <u>unique</u> numerical identifier that is <u>automatically</u> assigned to an <u>internet user by the user's</u> Internet Service Provider ("ISP")". CM/ECF 22 at *12. (Emphasis added where Defendant misquotes Mr. Fieser). Mr. Fieser's declaration actually states: "[a]n IP address is a numerical identifier that is assigned to a subscriber by the subscriber's Internet Service Provider ("ISP")". *See* CM/ECF 7-2. This statement is not misleading. Each subscriber of Internet is assigned an IP address by its ISP, which is why Defendant's ISP was able to identify Defendant as the owner of the IP address in question at the time of infringement. That other individuals may use Defendant's IP address to surf the Internet does not make Plaintiff's investigator's statements "misleading".

Further, Mr. Fieser's statements that "[c]omputer(s) using the IP address identified on Exhibit B connected to IPP's investigative server in order to transmit a full copy, or a portion thereof, of each digital media file" is absolutely correct. IPP identified Defendant's IP address downloading Plaintiff's movies. At this point in time, given that Defendant is the owner of the

6

IP address and the infringement occurred for four months, Defendant is the most obvious individual who has infringed Plaintiff's works. Defendant relies on a Declaration of Stephen Hendricks which he states "confirm[s] there is no way … Plaintiff … could have made the aforementioned claims in good faith". CM/ECF 22 at *14. He does not, however, include Mr. Hendricks declaration as an attachment.[1]

Plaintiff knows that IPP's technology is reliable. Indeed, Plaintiff hired an independent expert to testify that IPP's technology works exactly as Mr. Fieser says it does. *See Malibu Media, LLC v. John Does 1, 6, 13, 14*, CIV.A. 12-2078, Trial Transcript, Testimony of Patrick Paige (E.D. Pa. June 10, 2013) (Exhibit A). At that trial, Mr. Fieser also testified, along with the creator of the software, Michael Patzer, and described the accuracy of IPP's technology. Should Defendant choose to assert as a defense that IPP misidentified him, Plaintiff will present similar testimony at trial. Defendant's assertions now, however, are not grounds for a motion to dismiss, particularly when Plaintiff has made efforts to ensure IPP's accuracy.

### 7. Plaintiff's Allegations Comply With Rule 11 and Plaintiff's Amended Complaint Was Not Filed in Bad Faith

Plaintiff's allegations are proper under Rule 11. Plaintiff has alleged in good faith that Defendant has infringed its copyrights and provided a declaration in support of its technology and processes. *See* CM/ECF 7-2. Plaintiff's well-pled complaint alleges that the Defendant took specific steps to infringe Plaintiff's works. If Defendant is not the infringer, he should tell Plaintiff the identity of the infringer. This is similar to a car crash where the car's owner claims that he is not liable because another person was driving at the time of the crash. The car crash defendant must either identify the actual driver so that his defense can be verified and he can be dropped from the suit, or remain in the lawsuit and defend against the claims. At this point,

---

[1] Defendant's motion also makes reference to "Counsel for Defendant" in FN 14 despite Defendant appearing pro se. It appears that Defendant's motion may have been cut and paste from another case or prepared by someone else.

7

however, Plaintiff has stated a prima facie claim for copyright infringement against the Defendant and done everything possible to ascertain the identity of the actual infringer, if it is not Defendant. Plaintiff has fully complied with Rule 11 and must propound discovery on Defendant to substantiate any defenses. Moving this case forward to the discovery phase is Plaintiff's only option.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Jason Kotzker*

### SERVICE LIST

Jason Lowry
1901 E. 8th Street
Pueblo, CO 81001

*Pro se*